**KENNETH ALAN REED Esq.**
**LAW OFFICES OF KENNETH A. REED**
**406 WEST FOURTH STREET**
**SANTA ANA, CA 92701**
**PHONE:  (714) 953-7400**
**FACSIMILE: (714) 953-7412**

Attorney for: Leah Sterling

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>LEAH STERLING,<br><br>            Defendant | Case No.: SA CR 21-CR-121-MWF<br><br>**DEFENDANT STERLING'S SENTENCING POSITION**<br><br>Date: Sept 19, 2022<br>Time: 1:30 pm |

### I.
### INTRODUCTION

   Defendant, Leah Sterling, by and through her attorney of Record, Kenneth A. Reed, hereby states her position regarding her upcoming sentencing hearing.

### II.
### DEFENDANT'S POSITION

**Factual issues**

   Ms. Sterling has read the Presentence Report.  Ms. Sterling does not have any outcome determinative objections to the factual statement in the PSR.

## Case History

On June 28, 2021, Leah Sterling pled guilty to the Single-count Information. She is the only defendant named. The count charged charges that beginning on an unknown date and continuing to at least November 10, 2020, Sterling conspired with others to commit money laundering, in violation of 18 U.S.C. § 1956(h).

Pursuant to a written plea agreement, Ms. Sterling and Government agreed to the following sentencing factors:

- a base offense level of 8, pursuant to USSG §2S1.1(a)(2);
- a 12-level enhancement for funds laundered exceeding $250,000, pursuant to USSG §§2S1.1(a)(2), 2B1.1(b)(1)(G);
- and a 2-level enhancement for an 18 U.S.C. § 1956 conviction, pursuant to USSG §2S1.1(b)(2)(B).

Ms. Sterling has no objection to the mitigating role adjustment as applied to her guideline sentencing calculation.

The parties also agreed to, in addition to the above, the Government recommending up to a three-level reduction pursuant to. USSG 3E1.1. If the government does make the acceptance reduction, the Ms. Sterling has no objection to the adjusted guideline calculation offence of level 17.

## Criminal History

Ms. Sterling has total criminal history score is zero. According to the sentencing table in USSG results in a

criminal history category of I.  Guideline 17 with a criminal history of level 1 results in a sentencing range of 24-30 months.

**Sentencing Issues**

It is clear that a sentencing court must give respectful consideration to the U.S. Sentencing Guidelines, Booker[1] permits the court to tailor the sentence in light of other statutory concerns as well.

In light of the forgoing the post Booker sentencing scheme has been to have the Guidelines as the starting point and the initial benchmark, district courts may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in 18 U.S.C.S. § 3553(a)[2], subject to appellate review for "reasonableness."

---

[1] United States v. Booker 543 U.S. 220 (US 2005)

[2] 18 USC 3553(a) **FACTORS TO BE CONSIDERED IN IMPOSING A SENTENCE**.- The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider-
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed-
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for-

The defense feels that there are factors in this case that would justify a sentencing variance.  The defense would ask the Court's indulgence and allow defense counsel to articulate the basis of that variance on the sentencing date.

Counsel would invite the court to consider Ms. Sterling's current medical. While her condition is by nature temporary, and not an express variance factor, counsel would ask for a

---

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-
(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement-
(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.1
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

delay in Ms. Sterling's surrender date should court impose a custodial sentence in this matter.

## CONCLUSION

Ms. Sterling requests that the Court take the foregoing into consideration prior to imposing sentence in this matter.

Dated: September 13, 2022

*Kenneth Reed*
_____

**KENNETH A. REED**
**Attorney for Defendant**
**Leah Sterling**